Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MMG INVESTMENTS IV, LLC<br><br>**RECURRIDO**<br><br>v.<br><br>J.C. AIR CONTIONING & GENERAL CONTRACTORS, INC., JOSÉ ANTONIO CORREA ORTIZ, **WANDA IVETTE SERRANO RAMOS**, Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; ESTADOS UNIDOS DE AMÉRICA<br><br>**PETICIONARIA** | TA2025CE00112 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. KCD2012-1286<br><br>Sobre:<br><br>Cobro de dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de julio de 2025.

Comparece la Sra. Wanda Ivette Serrano Ramos (peticionaria), por derecho propio y nos solicita la revisión de una orden y de un edicto de subasta, alegadamente emitido el 2 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).

Según alega, en dichos documentos se ordenó la venta en pública subasta de un bien inmueble hipotecado, en ejecución de una sentencia dictada el 1 de octubre de 2012.

A tenor con la Regla 7 (B) (5), de Reglamento del Tribunal de Apelaciones *In re Aprobación de Enmiendas Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), resolvemos sin trámite ulterior en aras de lograr el más justo y eficiente trámite apelativo.

**I.**

El 1 de octubre de 2012 el TIP dictó sentencia de cobro de dinero y ejecución de hipoteca en contra de la peticionaria, José Antonio Correa Ortiz, la Sociedad Legal de Gananciales compuesta por ambos, J.C. Air Conditioning & General Contractors, Inc., y los Estado Unidos de América

La propiedad a ser ejecutada, como garantía del préstamo hipotecario, se describe a continuación:

> --URBANA: Solar número setecientos diecisiete (717) de la calle Goyco según plano de inscripción del proyecto de solares denominados Buenavista, radicado en la zona urbana del término municipal de San Juan, Puerto Rico, con una cabida superficial de ciento ochenta y nueve punto ochenta y cinco (189.85) metros cuadrados, en lindes por el NORTE, con solar número setecientos quince (715), distancia de ocho punto setenta (8.70) metros; por el SUR, con solar número setecientos diecinueve (719), distancia de dieciséis punto noventa y seis (16.96) metros; por el ESTE, con solares número setecientos dieciocho (718) y setecientos veinte (720), distancia de seis punto ochenta y cinco (6.85) metros y distancia de tres punto ochenta y seis (3.86) metros; y por el OESTE, con la calle Goyco, distancia de once punto diecinueve (11.19) metros. Enclava estructura residencial de dos (2) plantas sita en el solar antes descrito.
> ---Consta inscrito al folio 11 del tomo 822 de Santurce Norte, Finca 31,651, Registro de la Propiedad, Sección Primera (1) de San Juan.

Tras varios incidentes procesales, que incluyeron la desestimación de un caso de quiebras incoada por la peticionaria y José Antonio Correa Ortíz el 13 de marzo de 2013[1] y el cierre de otro caso de quiebras incoado por el Sr. José Antonio Correa Ortíz, dba JC Air Conditioning & General Contractors[2], el TPI ordenó, nuevamente, la ejecución de la sentencia emitida, **desde hace casi trece (13) años.**

Según se desprende del escrito de certiorari, se ordenó la expedición del mandamiento de ejecución. No obstante, no se

---

[1] ***In Re José Antonio Correa Ortiz, Wanda Ivette Serrano Ramos***, Case No. 12-09151 ESL. Apéndice de la Petición de Certiorari.

[2] ***In Re José Antonio Correa Ortiz aka José Antonio Correa, aka José A. Correa Ortiz, dba JC Air Conditioning & General Contractors***, Case No. 13-08069 ESL. Apéndice de la Petición de Certiorari.

incluyó la referida orden de ejecución de sentencia ni el mandamiento expedido en virtud de dicha orden judicial.

A tenor con los documentos incluidos en el Apéndice del recurso, surge que en varias ocasiones previas se ha ordenado la ejecución de la referida sentencia.

Lo único que se acompañó al recurso, atinente a la ejecución reciente, es el Aviso de venta de pública subasta, expedido el 9 de junio de 2025 por la alguacil Irma Carmona Claudio.

La orden y mandamiento recurrida no fueron incluidas con el recurso. Tampoco tenemos acceso a dichos documentos por ser un caso que se tramita ante el TPI de forma documental y no digitalmente.

En el recurso de autos, la peticionaria formuló los siguientes señalamientos de error:

a) Erró el TPI al ordenar la venta en pública subasta del inmueble hipotecado sin antes auscultar su jurisdicción sobre la materia.
b) Erro el TPI al ordenar la venta en pública subasta del inmueble hipote[cado] sin antes verificar la información contenida en los autos del caso.

La peticionaria hace referencia a un caso ante el Tribunal Federal de Quiebra, número 13-08069 ESL, y argumenta que a base de lo allí actuado por dicho foro el TPI no tiene jurisdicción para intervenir en el caso.

Adviértase que la única peticionaria en el recurso antes nos, **no fue parte** de dicho caso. Surge de la orden de cierre emitida por el Tribunal de Quiebras el 23 de marzo de 2015 que las partes en el caso lo fueron José Antonio Correa Ortiz aka José Antonio Correa aka José A. Correa Ortiz dba JC Air Conditioning & General Contractor.

## II.

### A.

El auto de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeill Healthcare LLC,* 194 DPR 723, 728 (2016). Es en esencia un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por el tribunal inferior. supra, pág. 729. Una característica distintiva del auto de *certiorari* es que se asienta en la discreción delegada al tribunal revisor para autorizar su expedición y adjudicación. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). No obstante, nuestra discreción debe ejercerse de manera razonable, y siempre procurar lograr una solución justa. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece las instancias en las que el foro revisor posee autoridad para expedir el auto de *certiorari* sobre materia civil.[3] *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). A su vez, dicha regla sufrió varios cambios fundamentales encaminados a evitar la revisión judicial de aquellas órdenes o

---

[3] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

resoluciones que dilataban innecesariamente el proceso pues pueden esperar a ser revisadas una vez culminado el mismo, uniendo su revisión al recurso de apelación. ***Medina Nazario v. McNeill Healthcare LLC,*** *supra.* En esa línea, el rol de este foro al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias y con el cuidado que debemos ejercer para no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en ese foro. ***Torres Martínez v. Torres Ghigliotty***, supra.

Si el asunto comprendido en el recurso de *certiorari* está en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, entonces este foro ejerce un segundo escrutinio. Este se particulariza por la discreción que se le ha sido conferida al Tribunal de Apelaciones para expedir, autorizar y adjudicar en sus méritos el caso. Para poder ejercer de manera razonable y prudente la facultad discrecional concedida, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tener ante nuestra consideración al atender una solicitud de expedición de un auto de *certiorari*.[4]

### B.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. ***Maldonado v. Junta de Planificación***, 171 DPR 46, 55 (2007). La jurisdicción no se

---

[4] Esta Regla dispone lo siguiente:
> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. ***S.L.G. Szendrey-Ramos v. F. Castillo***, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. ***Carattini v. Collazo Systems Analysis, Inc.***, 158 DPR 345, 355 (2003).

El Art. 4.002 de la "Ley de la Judicatura de 2003", Ley Núm. 201-2003, según enmendada, establece que este Tribunal de Apelaciones tendrá jurisdicción y competencia para revisar "...como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia."[5] Asimismo, el inciso (b) del Art. 4.006 de la citada Ley[6] dispone que este tribunal atenderá mediante auto de *certiorari*, expedido a su discreción, cualquier resolución u orden dictada por el Tribunal de Primera Instancia.

En otro extremo, el Tribunal Supremo ha expresado que: "[l]a existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que, aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados." ***Pérez Soto v. Cantera Pérez Inc. et al.***, 188 DPR 98, 104–105 (2013), ***Hernández Maldonado v. Taco Maker***, 181 DPR 281 (2011).

El derecho procesal apelativo autoriza que se desestime un recurso si la parte promovente incumple con las reglas referentes al

---

[5] 4 LPRA sec. 24u.
[6] 4 LPRA sec. 24y.

perfeccionamiento del mismo. ***Arriaga v. F.S.E.***, 145 DPR 122, 129-132 (1998). No puede quedar al arbitrio de los representantes legales o de las partes, aun cuando comparezcan por derecho propio, decidir cuándo y cómo cumplen con las disposiciones reglamentarias y legales. ***Hernández Maldonado v. Taco Maker***, supra; ***Febles v. Romar***, 159 DPR 714, 722 (2003). Estos tienen la obligación de cumplir fielmente con lo dispuesto en nuestro ordenamiento sobre el trámite a seguir para el perfeccionamiento de un recurso. Íd.

A tenor con las disposiciones reglamentarias del Tribunal de Apelaciones, la parte peticionaria incluirá en el cuerpo de la petición de *certiorari* una **referencia** a la *decisión* a la que alude, una **relación fiel y concisa de los hechos procesales** y de los hechos importantes y pertinentes del caso, un **señalamiento breve y conciso de los errores** que a su juicio cometió el Tribunal de Primera Instancia. Regla 34 (C) del Reglamento del Tribunal de Apelaciones, *supra*, pag. 52.

Además, la petición de *certiorari* contendrá un Apéndice. La Regla 34 (E) de dicho reglamento, *supra*, pág. 53, dispone en lo pertinente que:

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:
(i) […]
(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) **La decisión del Tribunal de Primera Instancia cuya revisión se solicita**, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, **y la notificación del archivo en autos de una copia de la notificación de la decisión**, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de certiorari, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, **y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta**.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.  Énfasis suplido.

Es decir, la parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud.  Véase, ***Morán v. Martí***, 165 DPR 356, 366-367 (2005); ***Soto Pino v. Uno Radio Group***, 189 DPR 84, 90-91 (2013).

### III.

En el caso ante nuestra consideración, la peticionaria nos solicita que revoquemos la orden emitida por el TPI para ejecutar la sentencia emitida por dicho foro y proceder a la venta en pública subasta del bien hipotecado.  No acompañó dicha orden de ejecución.

Como consecuencia de dicha orden, se emitió un mandamiento de ejecución, que tampoco fue incluido con el recurso.

El edicto de subasta fue el único documento anejado al recurso sobre el trámite reciente.

Al no contar con la orden ni con el mandamiento de ejecución, la peticionaria no nos ha puesto en condición de evaluar lo actuado por el TPI.  Por lo que, carecemos de jurisdicción para intervenir, y no tenemos otra alternativa que desestimar el recurso, a tenor con las reglas 34 (E) (1), (b) y (d) de nuestro reglamento, supra.

### IV.

Por los fundamentos pormenorizados precedentemente, en correcta práctica adjudicativa apelativa, procede desestimar el caso, por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones. El Juez Sánchez Ramos está conforme con la

determinación de desestimar el recurso a la luz del caso incumplimiento de la peticionaria con el Reglamento de este Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones